NO. 07-11-0143-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

MARCH 28, 2012
_____

JUAN DANIEL CANO,

                                                              Appellant
v.

THE STATE OF TEXAS,

                                                              Appellee
_____

FROM THE 223RD DISTRICT COURT OF GRAY COUNTY;

NO. 8109; HONORABLE PHIL N. VANDERPOOL, PRESIDING
_____

*Memorandum Opinion*
_____

Before QUINN, C.J., and HANCOCK  and PIRTLE, JJ.

Juan Daniel Cano seeks to overturn his conviction of murder by claiming he 1) was denied a speedy trial, and 2) suffered egregious harm by the failure of the jury charge to limit the culpable mental state to the result of his conduct.  We affirm the judgment.

*Speedy Trial*

Appellant initially contends that his right to a speedy trial was denied him and the proper remedy is dismissal.  Yet, below, he did not move to dismiss the prosecution on

the basis of being denied a speedy trial. Nor did he cite us to anything of record indicating that he complained to the trial court of his constitutional right to a speedy trial being denied him. Indeed, the record simply discloses that he requested a trial by January 30, 2011, because he "will be prejudiced should trial not be held" by that date. And, while one was not convened until March of 2011, counsel for appellant represented to the trial court in December of 2010 (during a pretrial hearing) that he had "no objections" to such a postponement so long as the March setting was a preferential one. Under these circumstances, we cannot say that the complaint now being urged (*i.e.,* that he was denied his constitutional right to a speedy trial) was ever presented to the trial court as required by Texas Rule of Appellate Procedure 33.1. *See Mulder v. State*, 707 S.W.2d 908, 914-15 (Tex. Crim. App. 1986) (finding that the issue was not preserved because no motion to dismiss the cause for the want of a speedy trial was filed). Therefore, it was not preserved for review.

*Jury Charge*

Next, appellant argues that there was error in the jury charge which failed to limit the culpable mental state to the result of his conduct. That is, the charge improperly contained an abstract definition of intentional and knowing that included references to both a mens rea *viz* conduct and result. We overrule the issue.

The State concedes that the trial court erred in so including the abstract definition in its charge. However, no one complained. Furthermore, the wording in the application paragraph was accurately restricted to informing the jury that it could find the appellant guilty if it concluded that he intentionally or knowingly "cause[d] the death of . . . Carlos Hernandez . . . ." In other words, the paragraph tied the requisite mens rea to

2

the result wrought by appellant's conduct, as opposed to his engaging in the conduct itself. Furthermore, appellant testified to shooting appellant (allegedly in self-defense), while other evidence revealed that he pointed the firearm at the decedent's head before firing.

Given that 1) harm is seldom egregious, *see Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985) (requiring egregious harm when the defendant failed to object to an improper instruction) when the application paragraph instructs the jury (as it did here) that appellant may not be convicted of the crime unless he "intentionally or knowingly cause[d] the death of [the victim]," *Medina v. State,* 7 S.W.3d 633, 640 (Tex. Crim. App. 1999), 2) the ample evidence of appellant's intent to stop the purported aggression of his victim, and 3) his actual pointing the gun at the victim's head, *see Gonzales v. State,* No. 07-10-0245-CR, 2011 Tex. App. LEXIS 5474, at *7 (Tex. App.– Amarillo July 18, 2011, pet. ref'd) (not designated for publication) (indicating that the nature of one's conduct is important in assessing mens rea for murder), the harm prerequisite to reversal is not present here.[1]

Accordingly, the issues are overruled, and the judgment is affirmed.


Per Curiam

Do not publish.

---

[1]Incidentally, we do not ignore appellant's argument that the holding in *Chaney v. State*, 314 S.W.3d 561 (Tex. App.–Amarillo 2010, pet. ref'd) controls the situation at bar. While we did find that the mistake resulted in egregious harm there, it was because of the rather weak evidence of Chaney's guilt. He was wrestling with another to retrieve his gun when it discharged, unlike appellant here who actually retrieved his own gun from his room, engaged in verbal sparring with the decedent, pointed the firearm at the decedent's head, and pulled the trigger.